# United States District Court
# District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>　　　　　　　　Plaintiff,    )<br>　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>ROY M. GOODWIN, JR.,           )<br>AMY L. BEUKEMA,                )<br>f/k/a AMY L. GOODWIN,          )<br>UNIBANK FOR SAVINGS,           )<br>SHAUGHNESSY CRANE SERVICE, INC.,   )<br>WEBSTER FIVE CENTS SAVINGS BANK,   )<br>COMMONWEALTH OF MASSACHUSETTS,  )<br>TOWN OF DOUGLAS, MASSACHUSETTS,    )<br>TIMUR KHOLODENKO, and PSP, LLC,    )<br>　　　　　　　　Defendants.    )<br>　　　　　　　　　　　　　　) | Civ. Act. No. 17-40115-TSH |

## Memorandum of Decision and Order
### September 21, 2018

**HILLMAN, D.J.**

### Background

Pursuant to 26 U.S.C. §§ 7401 and 7403, with the authorization and sanction of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, and at the direction of a delegate of the Attorney General of the United States, the United States has brought this action to enforce the federal tax liens that encumber a parcel of real property located at 53 Gilboa Street, Douglas, Massachusetts (the "Property"). Roy M. Goodwin, Jr. ("Goodwin"), Amy L. Beukema, F/K/A Amy L. Goodwin ("Beukema"), Unibank For Savings ("Unibank"), Shaughnessy Crane Service, Inc. ("Shaughnessy"), Webster Five

Cents Savings Bank ("Webster"), Commonwealth Of Massachusetts (the "Commonwealth"), Timur Kholodenko ("Kholodenko"), and PSP, LLC ("PSP") have been named parties because they may have an interest in the Property.[1] The Town of Douglas, Massachusetts ("Douglas") has been named as a party because it may have a lien on the Property.

This Order addresses *Defendant Amy Beukema's Motion To Dismiss Timur Kholodenko As A Party And To Discharge The Interest Of Timur Kholodenko* (Docket No. 31). For the reasons set for the below, that motion is *denied*.

### Standard Of Review

This motion to dismiss is before the Court in a rather unusual posture given that both parties are named Defendants. Neither party has addressed the burden of proof, the applicable standard of review, or whether it is appropriate for the Court to consider the affidavits and other matters outside the pleadings which they have both included as part of their submissions. Under the circumstances, I will assume that Beukema, as the moving party, has the burden to establish, by a preponderance of the evidence, that Kholodenko does not have a plausible claim to an interest in the Property and therefore, should be dismissed as a potential claimant. Moreover, since neither party has objected to the extraneous materials filed by the other, and because, for the most part, the materials or the information contained therein are matters of public record, I have considered them in making my decision. Both parties have argued Massachusetts law applies to determine whether Kholodenko has an interest in the Property. In a case such as this, federal law controls to determine the priority of competing liens and the Court looks to state law to determine who holds an interest in the Property. *See Aquilino v. United States,* 363 U.S. 509,

---

[1] On April 6, 2018, default judgment was entered against PSP, Unibank and Shaughnessy.

514, 80 S. Ct. 1277, 1281 (1960). Accordingly, I agree with the parties that Massachusetts law applies to determine whether Kholodenko has a cognizable legal interest in the Property.

### Facts

By deed dated June 27, 1996, the Property was conveyed to Goodwin and Beukema, who were then married, as tenants by the entirety. On August 18, 2014, a Judgment of Divorce Nisi was issued by the Massachusetts Probate Court dissolving the marriage of Goodwin and Beukema. Beukema was granted the sole ownership interest, rights and title to the Property and was to be solely responsible for the operating cost of the Property once Goodwin filed a Quit Claim Deed. The Massachusetts Probate Court ordered Beukema and Goodwin to cooperate together regarding resolution of the federal tax liabilities owed to the Internal Revenue Service. These are secured by notices of federal tax liens filed in the Worcester District Registry of Deeds. Goodwin did not file a Quitclaim Deed within forty-five days of the aforementioned judgment. Therefore, on October 21, 2014, Beukema filed a certified copy of the judgment in the Worcester District Registry of Deeds, which under Massachusetts law, effectively conveyed title to her, individually. On October 18, 2001, Beukema had filed a Declaration of Homestead pursuant to Mass. Gen. L. ch. 188, in the Worcester District Registry of Deeds. After the divorce, Beukema continued to use the Property as her primary domicile.

**Federal Tax Lien**

On October 8, 2001, a delegate of the Secretary of the Treasury of the United States made assessments against Goodwin, pursuant to 26 U.S.C. § 6672, with respect to unpaid employment tax liabilities of RBG Construction Services, LLC ("RGB"). October 1, 2001, a delegate of the Secretary of the Treasury of the United States made an assessment against Beukema, pursuant to 26 U.S.C. § 6672, with respect to unpaid employment tax liabilities of RGB. A delegate of the

Secretary of the Treasury filed notices of federal tax liens in accordance with 26 U.S.C. § 6323(f) for the unpaid federal tax liabilities of Goodwin in the Worcester District Registry of Deeds. This notice of federal tax lien was re-filed in the Worcester District Registry of Deeds on January 11, 2011. A delegate of the Secretary of the Treasury filed notices of federal tax liens in accordance with 26 U.S.C. § 6323(f) for the unpaid federal income tax liabilities of Beukema in the Worcester District Registry of Deeds on September 13, 2010. This notice of federal tax lien was refiled in the Worcester District Registry of Deeds on January 11, 2011.

**United States Obtains a Judgment Lien**

On May 11, 2012, the United States obtained a money judgment against Goodwin and Beukema in the civil action styled *United States v. Roy M. Goodwin, Jr. and Amy L. Goodwin*, Case No. 4:12-cv-40001 (D. Mass.), for their unpaid 26 U.S.C. § 6672 tax liabilities. Pursuant to 26 U.S.C. § 6502(a)(2)(B), the commencement of that civil action extended the period during which the United States could collect the federal tax liabilities of the defendants Goodwin and Beukema, such that the collection period does not expire until the unpaid tax liabilities are satisfied in full, or become unenforceable.

Judgment was entered against Goodwin in the amount of $35,202.85, plus interest and other statutory accruals after March 16, 2012, until paid, as provided by 28 U.S.C. § 1961(c)(1). Judgment was entered against Beukema in the amount of $35,258.02, plus interest and other statutory accruals after March 16, 2012 until paid in full, as provided by 28 U.S.C. § 1961(c)(1). (*See* Judgment, *United States v. Roy M. Goodwin, Jr. and Amy L. Goodwin*, No. 4:12-cv-40001 (D. Mass. May 11, 2012)).

Goodwin and Beukema have failed to make any voluntary payments on the judgments against them. Goodwin remains liable to the United States in the amount of $41,412.53, plus

interest as allowed by law accruing from and after April 12, 2017; and Beukema remains liable to the United States in the amount of $41,330.44, plus interest as allowed by law accruing from and after April 12, 2017.

**Kholodenko Judgment and Lien**

On January 30, 2014, Kholodenko filed a contract action/collection action against Goodwin for a debt incurred solely by him. Beukema was not named in the suit and service was made on only Goodwin. Kholodenko filed an attachment against the Property on February 2, 2014, in the Worcester County Registry of Deeds. At that time, Beukema and Goodwin owned the Property as tenants by the entirety. On February 4, 2015, Kholodenko obtained a judgment against Goodwin in the amount of $24,486.33 plus post judgment interest. On May 15, 2015, Kholodenko, through the Sheriff's Department, levied execution on the Property by recording the execution in the Worcester District Registry of Deeds. At that time, Beukema owned the Property pursuant to the divorce judgment. Beukema was never served or otherwise notified of this action or the attachment against the property until she received notice of the execution in 2015.

## Discussion

Beukema asserts Kholodenko should be dismissed from this suit because the monetary judgment he obtained was solely against Goodwin and given that the Property was transferred to Beukema as part of the divorce decree and/or that she has filed a Homestead Exemption in regards to the Property, Kholodenko does not have a legal interest in the Property. Beukema further asserts that because she has at all times utilized the Property as her primary residence and the debt was solely that of Goodwin, Kholodenko is barred by Mass.Gen.L. ch. 209, §1 from executing against the Property. Kholodenko asserts that the attachment he filed on the Property predates Goodwin's and Beukema's divorce and that the execution he filed in 2015 relates back

to the original attachment and therefore, post-divorce, the Property was transferred to Beukema subject to Kholodenko's lien. He also asserts that the Homestead Exemption is not enforceable because the fraud exception applies because Goodwin incurred the underlying debt to him by use of fraud and false pretenses and, in any event, is void because it contains improper deed references.

Under Massachusetts law, when spouses hold property in tenancy by the entirety:

> The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries.

Mass. Gen. Laws Ann. ch. 209, § 1. At the time that Kholodenko first filed an attachment on the Property, Goodwin and Beukema were still married, albeit in divorce proceedings, and held the Property as tenants by the entirety. There is no dispute that the Property was Beukema's primary residence. Moreover, Kholodenko does not allege that debt incurred by Goodwin was on account of necessities. Therefore, had Kholodenko obtained a judgment at that time, Massachusetts law would have precluded him from executing against the Property. At the time that Kholodenko obtained a judgment against Goodwin, he (Goodwin) and Beukema were divorced. Kholodenko asserts that upon divorce, under Massachusetts law, the Property converted to a tenancy in common and his attachment followed Goodwin's interest in the Property. He further asserts that the execution he thereafter filed against Goodwin's interest in the Property relates back to the original attachment.

Kholodenko is correct that the general rule under Massachusetts law is that upon divorce, the spouses' former tenancy by the entirety converts to a tenancy in common, and the property is equitably apportioned between the spouses. *In re Snyder,* 249 B.R. 40, 44–45 (B.A.P. 1st Cir.

2000), *aff'd,* 2 F. App'x 46 (1st Cir. 2001). Moreover, while the Property would not be subject to execution while the debtor spouse and non-debtor spouse remained married, upon divorce, the creditor could execute against the debtor spouse's interest. *See Peebles v. Minnis,* 402 Mass. 282, 283, 521 N.E.2d 1372, 1373 (1988)(defendants cannot execute against debtor's residence where debtor spouse and non-debtor spouse own the house as tenancy by the entirety; they are, however, entitled to an *attachment* to establish, among other things, priority of their security interest in debtor spouse's residence as against the claims of other creditors. This interest may be a subject of execution at some future time if, for example, the non-debtor spouse predeceases the debtor spouse, or the parties are divorced). In this case, as part of the divorce judgement, the Massachusetts Probate Court ordered that the Property be turned over to Beukema as sole owner, which happened, by operation of law, when she recorded the court's order on October 21, 2014. What remains unclear is how Massachusetts law would treat the respective interests of Goodwin and Beukema from the time of the divorce until the Property was transferred to Beukema in fee simple. It is possible that Massachusetts law would recognize that for a period of time, Goodwin held a fifty percent interest in the Property (as a tenant in common), which was subject to Kholodenko's lien. That lien would survive transfer of the Property to Beukema, while Beukema's fifty percent share of the Property would remain unencumbered. *See In re Hutchins*, 306 B.R. 82, 96–97 (Bankr. D. Vt. 2004)(interpreting tenancy by entirety statutory scheme similar to Massachusetts' statute)(debtor spouse and non-debtor spouse owned property as tenants by entirety, as part of divorce decree, property was transferred to non-debtor spouse in fee simple; court finds that when divorce decree was recorded legal title in property was unified from the two tenancies in common into a single fee simple and extinguished debtor's interest in the property; non-debtor spouse's distinct, equitable interest remained intact and unencumbered,

separate from the interest formerly held by debtor spouse that is encumbered by the United States' first and second liens); *In re LaBorde,* 231 B.R. 162, 167 (Bankr. W.D.N.Y. 1999); *see also* discussion in *In re Snyder*, 231 B.R. 437, 445 (Bankr. D. Mass. 1999), *aff'd as modified,* 249 B.R. 40 (B.A.P. 1st Cir. 2000*), aff'd,* 2 F. App'x 46 (1st Cir. 2001). The parties have not adequately briefed the issue of whether under Massachusetts law, Kholodenko's lien would survive the transfer of the Property to Beukema in fee simple. Under these circumstance, on the record before me, I cannot find that Beukema has met her burden to establish that the Property was transferred to her free of Kholodenko's attachment on that portion of Goodwin's interest in the Property that was encumbered thereby.

Beukema also asserts that because she has filed a Declaration of Homestead, Kholodenko cannot execute on the Property. Kholodenko asserts that the Homestead Exemption is not enforceable under Chapter 188's fraud exception because Goodwin incurred the underlying debt to him by use of fraud and false pretenses and, in any event, it is void because it contains improper deed references. As to the latter, Kholodenko has not provided any factual or legal argument in support of his one sentence assertion that the Homestead Exemption is void because it contains "incorrect deed references in the Declaration of Homestead document as recorded," and therefore, the argument is waived. As to the former, Massachusetts law provides:

> (b) An estate of homestead shall be exempt from the laws of conveyance, descent, devise, attachment, seizure, execution on judgment, levy and sale for payment of debts or legacies except as follows:
>> ….
>>
>> (6) upon an execution issued from a court of competent jurisdiction to enforce its judgment based upon fraud, mistake, duress, undue influence or lack of capacity.

Mass. Gen. Laws Ann. ch. 188, § 3. Kholodenko has not established that the cited exception applies in this case. More specifically, nothing in the record, including his self-serving affidavit, establishes that the execution which he filed against the Property is to enforce a court judgment *based* upon fraud, mistake, duress, undue influence or lack of capacity. Additionally, one of the only cases which has interpreted that exception suggests it would not apply in this case even if the judgment was based on the fraudulent conduct alleged by Kholodenko. *See ClearOne Commc'ns, Inc. v. Chiang,* 717 F. Supp. 2d 142, 146 (D. Mass. 2010)("§ 1(6) does not apparently pertain to judgments in cases asserting fraud as a cause of action. The statutory exception is invoked by 'fraud, mistake, duress, undue influence or lack of capacity'. … That is not a list of causes of action or even conduct which gives rise to a cause of action but rather a list of common defenses to the enforcement of, for example, contracts or trusts. Statutory terms must be read consistently. Plaintiff's proposed interpretation (i.e., that the provision applies if the case underlying a judgment is based upon allegations of fraud or fraudulent conduct) would read 'fraud' more broadly than (and inconsistent with) the remainder of the terms in § 1(6)); *but see Tewhey v. Bodkins,* Civ.Act.No. 2011-01506, 2012 WL 1390180, at *3 (Mass. Super. Jan. 6, 2012)(court declined to follow reasoning of *ClearOne*; "to do so would, essentially, read out of existence § 3(b)(6). Instead, that section must be given meaning. If a judgment (upon which an execution is obtained to enforce) is based upon one of descriptive terms in § 3(b)(6), the execution should be an exception to homestead exemption"). Again, I find that the parties have not adequately briefed this issue and therefore, I am denying the motion to dismiss at this time. However, given that the Homestead Exemption would be enforceable if the state court judgment does not fall within the exception, the denial is without prejudice to Beukema renewing the

motion, if after further investigation, it becomes clear that, as a matter of law, the exception does not apply.

## Conclusion

Defendant Amy Beukema's Motion To Dismiss Timur Kholodenko As A Party And To Discharge The Interest Of Timur Kholodenko (Docket No. 31) is *denied*, without prejudice.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE