United States District Court
District of Massachusetts

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **ROY M. GOODWIN, JR.,** ) <br> **AMY L. BEUKEMA,** ) <br> **f/k/a AMY L. GOODWIN,** ) <br> **UNIBANK FOR SAVINGS,** ) <br> **SHAUGHNESSY CRANE SERVICE, INC.,** ) <br> **WEBSTER FIVE CENTS SAVINGS BANK,** ) <br> **COMMONWEALTH OF MASSACHUSETTS,** ) <br> **TOWN OF DOUGLAS, MASSACHUSETTS,** ) <br> **TIMUR KHOLODENKO, and PSP, LLC,** ) <br> Defendants. ) <br> ) | Civ. Act. No. 17-40115-TSH |

**Order**
**August 19, 2019**

**HILLMAN, D.J.**

**Background**

Pursuant to 26 U.S.C. §§ 7401 and 7403, with the authorization and sanction of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, and at the direction of a delegate of the Attorney General of the United States, the United States has brought this action to enforce the federal tax liens that encumber a parcel of real property located at 53 Gilboa Street, Douglas, Massachusetts (the "Property"). Roy M. Goodwin, Jr. ("Goodwin"), Amy L. Beukema, F/K/A Amy L. Goodwin ("Beukema"), Unibank For Savings ("Unibank"), Shaughnessy Crane Service, Inc. ("Shaughnessy"), Webster Five

Cents Savings Bank ("Webster"), Commonwealth Of Massachusetts (the "Commonwealth"), Timur Kholodenko ("Kholodenko"), and PSP, LLC ("PSP") have been named parties because they may have an interest in the Property.[1] The Town of Douglas, Massachusetts ("Douglas") has been named as a party because it may have a lien on the Property.

On September 21, 2018, I issued an order denying Beukema's Motion To Dismiss Timur Kholodenko. *See* Memorandum of Decision and Order dated September 21, 2018 (Docket No. 50)("Prior Order"). This Order addresses Defendant Amy Beukema's Renewed Motion to Dismiss Timur Kholodenko As a Party and to Discharge the Interest of Timur Kholodenko (Docket No. 56). For the reasons set for the below, that motion is *granted*.

## Discussion[2]

Beukema again asserts Kholodenko should be dismissed from this suit because the Declaration of Homestead she filed pursuant to Mass.Gen.L. ch. 188 ("Homestead Exemption" or "Chapter 188")[3] applies to bar his claims against the Property. In the instant motion, she expands on the reasons that Kholodenko's judgment does not fit within any exception to the

---

[1] On April 6, 2018, default judgment was entered against PSP, Unibank and Shaughnessy. On May 13, 2019, by agreement of the parties, judgement entered for the United States against Beukema.

[2] A comprehensive statement of facts is set forth in my Prior Order. Any additional facts relevant to Beukema's renewed motion will be stated in the discussion.

[3] The version of Chapter 188 in effect in 2001 when Beukema filed her Declaration of Homestead provided, in relevant part, as follows:

> (b) An estate of homestead shall be exempt from the laws of conveyance, descent, devise, attachment, seizure, execution on judgment, levy and sale for payment of debts or legacies except as follows:
> ….
>
>  (6) upon an execution issued from a court of competent jurisdiction to enforce its judgment based upon fraud, mistake, duress, undue influence or lack of capacity.

Mass.Gen.L., ch. 188, § 1 (2000). This same language is contained in the current version of the statute at Mass.Gen. L. ch. 188, §3.

Homestead Exemption. More specifically, she asserts that neither the complaint asserted by Kholodenko or the judgment of the state court were on the grounds of fraud and therefore, the Homestead Exemption applies. Should the Court find that the Homestead Exemption does not apply then it would be necessary to address Beukema's and Goodwin's respective interests in the Property at the time that Kholodenko filed an attachment thereon. As to the Court's question as to how Massachusetts courts would treat the property interests of Beukema and her ex-husband, Beukema sets forth a comprehensive legal analysis as to why Kholodenko cannot assert a claim on the Property as a result of her ex-husband's debt.

<u>Whether the Homestead Exemption Applies</u>

Beukema again asserts that because she has filed a Declaration of Homestead, Kholodenko cannot execute on the Property. In her renewed motion, she has attached a copy of the state court complaint to support her argument that the fraud exception to the Homestead Exemption does not apply; Kholodenko has attached copies of the default judgment entered against Goodwin in that action. Kholodenko asserts that the Homestead Exemption is not enforceable under Chapter 188's fraud exception because Goodwin, Beukema's ex-husband incurred the underlying debt to him by use of fraud and false pretenses and, in any event, Beukema's Homestead Exemption is void because she failed to include statutorily mandated language when she filed it.

I previously found that Kholodenko had not established that the fraud exception to Chapter 188 applies in this case because "nothing in the record, including his self-serving affidavit, establishes that the execution which he filed against the Property is to enforce a court judgment *based* upon fraud, mistake, duress, undue influence or lack of capacity." *Prior Order*,

at p. 4.[4]  At the same time, I found that the parties had not adequately briefed the issue. I denied the motion without prejudice, noting that Beukema could refile her motion if, after investigation, she could establish that Kholodenko's state court judgment does not fall within the fraud exception.  Beukema has met her burden. The complaint from the state court, upon which a default judgment was entered, makes clear that this was nothing more than an action to recover on a promissory note, which sounds in contract, not fraud.  Therefore, I find that the statutory exception to Chapter 188 does not apply.[5] Kholodenko's argument regarding the validity of Beukema's Homestead Exemption fairs not better.

Kholodenko asserts that Beukema's Homestead Exemption is void because it lacks the affirmation that it was signed "under seal" which was required by version of Chapter 188 at the time that Beukema signed and filed her Declaration of Homestead. Kholodenko is correct that at the time that Beukema filed her Declaration of Homestead, the statute required that it be "sealed."[6]  Kholodenko acknowledges that under Massachusetts case law the Homestead Exemption is to be construed liberally in favor of the debtor and the debtor's family. Nevertheless, he argues that the statute requires strict compliance and Beukema's failure to file

---

[4] Moreover, although Kholodenko's affidavit is carefully worded, it is evident therefrom, that he did not sue Goodwin for fraud, rather he learned during disposition of the case that Goodwin had engaged in fraudulent conduct with other persons.

[5] In Kholodenko's opposition, he asserts that upon motion to the state trial court, his complaint and the corresponding judgment of the state court were amended on January 30, 2015.  He infers that based on these amendments and his "attorney's verbal explanation to the court at the January 30, 2015 motion hearing," the final judgment supports a finding of fraud.  However, based on the exhibits attached to Kholodenko's memorandum, the amendments to the complaint and corresponding judgment were technical in nature--- to include all names by which Goodwin was known, including nicknames and initials. Nowhere in the filing to the court is the word fraud mentioned, nor is there any suggestion that Kholodenko was seeking to amend the complaint to assert fraudulent conduct. Moreover, Kholodenko has not provided this Court with a copy of the transcript of the January 30, 2015 hearing containing his "attorney's verbal explanation."  On the record before, me, fraud was not the genesis of Kholodenko's state court action, and I am disturbed by disingenuous representations he and his attorney have made to this Court in an attempt to recharacterize those proceedings.

[6] "To acquire an estate of homestead in real property, the fact that it is designed to be held as such shall be … declared by a writing duly signed, sealed and acknowledged and recorded in the registry of deeds for the county or district in which the property is situated… . " Mass.Gen.L.. ch. 188, § 2 (1991).

4

her Declaration of Homestead under seal is a fatal defect.  However, in 1977, Massachusetts passed a statute providing that "[n]o instrument purporting to affect an interest in land shall be void because it is not sealed or does not recite a seal." Mass. Gen. Laws ch. 183, § 1A.  This statutory provision belies Kholodenko's contention that Massachusetts courts would require strict compliance with the seal requirement.

The Property Interests of Goodwin and Beukema

Because I find that the Homestead Exemption applies, given that the size of the debt which would not exceed the exemption, it does not appear to the Court that it is necessary to address any remaining issues raised by the parties.  Accordingly, Beukema's motion to dismiss Kholodenko is granted.

**Conclusion**

Defendant Amy Beukema's Renewed Motion to Dismiss Timur Kholodenko As a Party and to Discharge the Interest of Timur Kholodenko (Docket No. 56) is ***granted***

 

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE